IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph J. Bender<br>Francine M. Bender<br>　　　　　Debtor(s) | CHAPTER 13 |
| Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2021-1<br>　　　　　Movant<br>vs.<br>Joseph J. Bender<br>Francine M. Bender<br>　　　　　Debtor(s)<br>Kenneth E. West<br>　　　　　Trustee | NO. 21-11328 ELF<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of December 1, 2022, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$11,037.65.** Post-petition funds received after December 1, 2022, will be applied per the terms of this stipulation as outlined here. The arrearage **breaks** down as follows;

   Post-Petition Payments: May 2022 at in the amount of $1,413.03/month;
   June 2022 through December 2022 in the amount of $1,513.50/month
   Suspense Balance:　　　　　($969.88)
   **Total Post-Petition Arrears**　　$11,037.65

2. Debtor shall cure said arrearages in the following manner:

   a). Within fourteen (14) days of the filing of this Stipulation, Debtor shall an make an immediate lump sum payment in the amount of **$11,037.65** to the Movant's payment address below:

   Specialized Loan Servicing LLC
   6200 Quebec St., Suite 300
   Greenwood Village, Colorado 80111

3. Beginning with the payment due January 2023 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,513.50 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 19, 2022

                                             **/s/ Denise Carlon, Esquire**
                                             Denise Carlon, Esquire
                                             Attorney for Movant

Date: 12/22/2022

                                             _____
                                             David B. Spitofsky Esquire
                                             Attorney for Debtor(s)

Date: 1/6/2023

                                             */s/LeRoy W. Etheridge, Esquire for* \*
                                             Kenneth E. West, Esquire
                                             Chapter 13 Trustee

*\*no objection to its terms, without prejudice to any of our rights and remedies*

## ORDER

Approved by the Court this  11th  day of      January      , 2022. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank